UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SRINATH YEDLA, on Behalf of Himself and All Others Similarly Situated,<br><br>                      Plaintiff,<br><br>     v.<br><br>BANK OF AMERICA N.A. and BANK OF AMERICA CORPORATION,<br><br>                      Defendants. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff Srinath Yedla ("Plaintiff"), individually and on behalf of all others similarly situated ("Class" or "Class Members"), by his attorneys, files this Class Action Complaint ("Complaint") against Defendants Bank of America N.A. and Bank of America Corporation ("Bank of America" or "Bank" or "Defendant"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on the investigation conducted by his counsel as to all other allegations.

**NATURE OF THE ACTION**

1.     In July 2023, the Consumer Financial Protection Bureau (CFPB) and the Office of Comptroller of Currency (OCC) (jointly, the "Agencies") fined Bank of America for (a) wrongfully withholding credit card rewards, (b) charging multiple non-sufficient fund fees for the same transaction, also referred to as "double-dipping," and (c) misappropriating sensitive personal information to open credit card accounts without customers' knowledge or authorization. As a result, the CFPB levied a $90 million penalty and the OCC levied an additional $60 million penalty

against the Bank. The Agencies' actions remedied some of the Bank's harm—mainly the double-dipping scheme—but not all.[1]

2. According to the Agencies, Bank of America's most recent illegal conduct harmed hundreds of thousands of consumers and took place over a decade.

3. Plaintiff Yedla brings this class action complaint, alleging that Bank of America's conduct, as described below, violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f), the Truth in Lending Act (TILA), 15 U.S.C. § 1601 *et seq.*, the Electronic Funds Transfer Act (EFTA), 15 U.S.C. § 1693 *et seq.*, the New York General Business Law § 349, the New York Deceptive Acts and Practices Act, and Common Law Unjust Enrichment.

4. Plaintiff brings this action on behalf of himself, and on behalf of all others similarly situated, and seeks monetary damages, declaratory, injunctive, and equitable relief, including restitution, the reasonable costs of attorneys' fees, and any other relief the Court deems proper.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over the Defendant because: (a) the Defendant transacted business throughout the United States, including in this District; (b) the Defendant's illegal conduct took place in this District; (c) the Defendant maintained substantial aggregate contacts with the United States as a whole, including in this District; (d) the Defendant has substantial contact in various states in the United States of America, including in this District; and (e) the Defendant's illegal conduct had a direct, causal, substantial, and reasonably foreseeable effect of causing injury to persons residing in, located in, or doing business throughout the United

---

[1] Consumer Financial Protection Bureau, "CFPB Takes Action Against Bank of America for Illegally Charging Junk Fees, Withholding Credit Card Rewards, and Opening Fake Accounts," (July 11, 2023), https://www.consumerfinance.gov/about-us/newsroom/bank-of-america-for-illegally-charging-junk-fees-withholding-credit-card-rewards-opening-fake-accounts/ (last accessed June 17, 2024).

States, including in this District. The Defendant also conducts business throughout the United States, including in this District, and has purposefully availed itself of the laws of the United States.

6. This Court has subject matter jurisdiction over all claims brought by the Plaintiff, and on behalf of the Class, pursuant to 28 U.S.C. § 1332(d)(2), as this is a class action, upon information and belief the matter in controversy exceeds the sum of $5,000,000 exclusive of interest and costs, and Plaintiff and the Class Members are citizens of states different from Defendant.

7. This Court is the proper venue under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claim occurred in this district.

## PARTIES

8. Plaintiff Srinath Yedla is an individual citizen of the United States residing in Huntsville, Alabama. Mr. Yedla was a former accountholder with Bank of America, having closed his account after satisfying his mortgage in 2021. In or around November 2022, multiple credit card inquiries appeared on Mr. Yedla's credit report. A Bank of America credit card was fraudulently opened in Mr. Yedla's name, which he did not apply for and which he never received. This fraudulent account did, however, appear on Mr. Yedla's credit report.

9. Defendant Bank of America is a publicly traded, global financial services firm and a Fortune 500 corporation that is incorporated in the State of Delaware, with its principal place of business in Charlotte, North Carolina. As of 2022, Bank of America has consolidated assets of approximately $2.5 trillion. The Bank provides banking services to approximately 68 million individuals and business clients, across its approximately 4,000 branches, and 17,000 ATMs. Bank of America operates 271 branches in the State of New York.

## GENERAL ALLEGATIONS AGAINST BANK OF AMERICA

10. Bank of America is one of the largest and most sophisticated financial institutions in the world, holding approximately $2.5 trillion in assets. The Bank opens millions of new credit accounts and products each year. In 2022, Bank of America opened approximately 4.4 million new accounts.

11. Despite its sophistication, Bank of America has repeatedly been held accountable for its fraudulent, unfair, and deceptive treatment of consumers.

12. For instance, in 2014, the CFPB found Bank of America engaged in deceptive marketing practices, illegally charging approximately 1.9 million consumer accounts, resulting in over $720 million in penalties. The CFPB noted that "Bank of America both deceived customers and unfairly billed consumers."

13. In 2022, the CFPB brought an enforcement action against Bank of America for unlawfully freezing customer accounts and inserting unenforceable language into consumer contracts to limit their rights.

14. Later in 2022, the CFPB and OCC fined Bank of America $225 million for unlawfully freezing customers' accounts and affecting the disbursement of unemployment benefits.

15. On July 11, 2023, the CFPB and OCC ordered Bank of America to cease opening unauthorized credit card accounts, stop charging repeat non-sufficient funds fees, and provide cash and points rewards on credit cards as advertised.

**ALLEGATIONS SPECIFIC TO PLAINTIFF YEDLA**

16. In November 2022, Mr. Yedla received an alert from LifeLock that his credit report was accessed by Bank of America, despite having no active relationship with the bank since closing his mortgage account in 2021.

17. Upon contacting Bank of America's fraud department on or about November 3, Mr. Yedla discovered a fraudulent credit card had been opened in his name, associated with a Norwegian Cruise Line credit card with a $24,000 limit. (See Figure 1.) During this phone conversation with Bank of America's fraud department, he requested that the card be cancelled.



**(Figure 1, Letter from Bank of America with NCL Card).**

Despite requesting the card be cancelled (See Figure 2.), he received it in the mail with his last name misspelled as "Wedla."

> From: **Srinath Y** <▓▓▓▓@gmail.com>
> Date: Thu, Nov 3, 2022 at 8:53 AM
> Subject: Credit Card that I did not apply for was sent to me
> To: customer.service@bankofamerica.com <customer.service@bankofamerica.com>
>
> Dear Customer Service Representative,
>
> I received a Bank of America Credit card (Norwegian Cruise Line Credit Card) that I did not apply for from your bank. Please see attachments for images of the card along with correspondence I received with the credit card in the mail (account number ending in ▓▓▓▓).
>
> I would like to know why this card was sent to me. a last name that is not mine is on the card. Is there not some sort of procedure in place so as not to generate a credit card under a customer's social security number with someone else's name on it? My name is Srinath **Yedla**. The last name on the card is spelled **Wedla**. How did your company pull my credit and use my social security number to send me a card with the wrong name on it with a 24,000 dollar credit line without an application from me or permission to do so? Please let me know who did this and why it happened within 2 weeks.
>
> I called your fraud department and complained that I did not order a credit card soon after I received an alert that my credit was pulled by your bank. For some reason the card wasn't cancelled and was still sent to me. Why did this happen? You do not appear to have the proper internal controls in place to prevent this type of malign activity from happening to your customers. You have caused me quite a bit of inconvenience. I look forward to your response.
>
> Regards,
> Srinath Yedla

**(Figure 2, Email Correspondence with BOA, dated November 3, 2022).**

18. Mr. Yedla received another alert from Equifax on November 8, 2022, indicating a new credit card account opened on November 7, 2022. (See Figure 3.) Unsure if this was an additional card or related to the previous fraudulent card, he contacted Bank of America again on November 8, via phone, without resolution.

> From **Equifax** on 11/08/2022
>
> Your Equifax Credit Monitoring Alert
> From Experian on 11/08/2022
> A new account has been opened in your name and added to your Experian credit report.
> - A new account with BANK OF AMERICA was opened in your name. The Bank - credit card account was opened on 11/07/2022.
> - It can be a good idea to check your credit reports to make sure the information is accurate and complete. If you see something that you don't recognize, you can contact BANK OF AMERICA who reported the information for further details at PO BOX 982238, EL PASO, TX 799982238. If you believe any item in your Equifax credit reports is incomplete or inaccurate, you can begin the dispute process. You will need to file disputes with each of the three nationwide credit bureaus separately.

**(Figure 3, Equifax Credit Monitoring Alert, dated November 8, 2022).**

19. The fraudulent accounts negatively impacted Mr. Yedla's credit, affecting his ability to grow his business. Despite multiple follow-ups, Bank of America failed to provide clarity or resolution.

20. The representatives that Mr. Yedla spoke with stated that this issue was happening frequently, and that they were being inundated with calls about credit cards being opened without authorization of the user and directed him to a Bank of America website page on "How to respond to identity theft" (See Figure 4.), that directed him to check his credit reports or speak with his financial institution's fraud department.

21. Bank of America representatives also advised him that the card, erroneously opened and mailed to him, would have attempts for it to be stolen out of his mailbox by the "hackers".

22. This recommendation accomplished nothing, as Mr. Yedla has already received alerts from credit monitoring and attempted to contact Bank of America's support lines with no success.

## How to respond to identity theft

### Your security is our top priority and we're here to help.

Below are some important steps you can take right away if your identity has been compromised:

1. **Contact your financial institutions and creditors.**
   Speak with the fraud department and explain that someone has stolen your identity.

2. **Check your credit reports and place a fraud alert on your file.**
   Initiate a fraud alert by contacting one of the three credit bureaus. When you contact one credit bureau, the other two bureaus are notified automatically.

   - Experian: 888.397.3742 or experian.com
   - TransUnion: 800.680.7289 or transunion.com
   - Equifax: 888.766.0008 or equifax.com

   You may also contact ChexSystems to place a security alert on your consumer file to protect against deposit account fraud by calling 888.478.6536.

3. **File an identity theft report and retain it for your records.**
   Contact your local law enforcement to report the crime.

4. **Protect your computer against malware or malicious software.**
   - Download and install security software that updates automatically from a reputable company you trust.
   - Make sure to change your online login credentials, passwords and PINs.

**(Figure 4, How to Respond to Identity Theft, Bank of America Support Page).**

23. Mr. Yedla, in light of this disturbing warning, bought a secure mailbox and security cameras to monitor its surrounding areas.

## **FRAUDULENT CREDIT CARD APPLICATIONS BY BANK OF AMERICA**

24. Bank of America offers various financial products, including savings accounts, checking accounts, and credit cards.

25. The Bank incentivized its employees with financial rewards to increase the number of new consumer financial products or services opened, leading to illegal practices.

26. Bank employees, driven by these incentives, began illegally accessing consumers' credit reports, submitting credit card applications, and issuing credit cards without the consumers' knowledge or consent:

> "From at least 2012, in order to reach now disbanded sales-based incentive goals and evaluation criteria, Bank of America employees illegally applied

for and enrolled consumers in credit card accounts without consumers' knowledge or authorization. In those cases, Bank of America illegally used or obtained consumers' credit reports, without their permission, to complete applications."[2]

27. This misconduct caused adverse impacts on consumer credit reports, service fees for unauthorized accounts, and consequential damages.

28. Bank of America was unjustly enriched by the opening of these unauthorized credit card accounts.

## CONCEALMENT OF ILLEGAL CONDUCT

29. Throughout the class period, Bank of America effectively and fraudulently concealed its illegal conduct from Plaintiff and other class members.

30. The Bank's fraudulent concealment techniques prevented Plaintiff and other class members from discovering the illegal conduct earlier.

31. As a result, the statute of limitations on the claims has been tolled due to the Bank's fraudulent concealment practices.

## CLASS ALLEGATIONS:

32. Plaintiff Srinath Yedla seeks to represent a class defined as:

> All persons in the United States whose sensitive personal information was unlawfully misappropriated or used by Bank of America, its agents, or employees, during the Class Period to open credit card accounts without their knowledge or authorization.

33. **Numerosity:** The class members are so numerous that individual joinder is impracticable. The class is composed of a readily identifiable set of individuals affected by Bank of America's illegal and deceptive conduct. Plaintiff estimates the number of class members to be at least in the thousands. Disposing of their claims through a class action will benefit both the

---

[2] https://www.consumerfinance.gov/about-us/newsroom/bank-of-america-for-illegally-charging-junk-fees-withholding-credit-card-rewards-opening-fake-accounts/ (last accessed June 17, 2024).

parties and this Court. The proposed class members are ascertainable through objective criteria, and their identities can be obtained from Bank of America's records.

34. **Commonality:** There are common questions of law and fact that will advance the litigation and predominate over any questions affecting individual class members. These common questions include:

    a. Whether Bank of America used or obtained consumers' credit reports without permission to complete credit card applications;

    b. Whether Bank of America processed credit card applications based on information obtained from consumers' credit reports without their permission;

    c. Whether Bank of America's conduct violates the Fair Credit Reporting Act;

    d. Whether Bank of America's conduct violates the Truth in Lending Act;

    e. Whether Bank of America's conduct violates the Electronic Funds Transfer Act;

    f. Whether Bank of America's conduct violates the New York General Business Law § 349;

    g. Whether Bank of America's actions constitute misleading or deceptive acts in the conduct of trade or commerce under state consumer protection law;

    h. Whether Plaintiff and the other class members are entitled to monetary damages, equitable relief, including restitution and/or injunctive relief.

35. **Typicality:** Plaintiff's claims are typical of the claims of the class members, as all claims arise from Bank of America's conduct. Plaintiff and all class members were injured in the same manner by Bank of America's uniform course of conduct. Plaintiff and all class members have the same claims against Bank of America relating to the conduct alleged, and the same events give rise to Plaintiff's claims for relief as those of all class members. Plaintiff and all class members

sustained monetary and economic injuries, including ascertainable losses arising from Bank of America's wrongful conduct.

36. **Adequate Representation:** Plaintiff will fairly and adequately protect the interests of the class members and has no interests antagonistic to those of the class. Plaintiff has retained counsel experienced in prosecuting complex class actions.

37. **Predominance:** This class action is appropriate for certification because questions of law and fact common to the class members predominate over questions affecting only individual members.

38. **Superiority:** A class action is superior to other available methods for fair and efficient adjudication of this controversy since individual joinder of all class members is impracticable. Given the amount at issue for each class member, individual suits would not be economically viable. Additionally, separate actions by individual class members would burden the judicial system and create the risk of inconsistent rulings and contradictory judgments. In contrast, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale, and comprehensive supervision by a single court.

39. Due to the relatively small size of the typical individual class members' claims, it is unlikely that individual class members could afford to seek recovery on their own. This is especially true given the size and resources of Bank of America. A class action is, therefore, the only reasonable means by which class members can obtain relief.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA)
### 15 U.S.C. § 1681b(f)

40. Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

41. Under the FCRA, a person "shall not use or obtain a consumer report for any purpose unless—(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished." 15 U.S.C. § 1681b(f).

42. Defendant willfully obtained and/or used Plaintiff's and Class Members' consumer reports without a permissible purpose or authorization in violation of the FCRA. *See* 15 U.S.C. § 1681b(f).

43. Plaintiff and the Class seek statutory damages of *$1,000 per violation*, as well as punitive damages, and any other relief the Court may allow. *See* 15 U.S.C. § 1681n.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF THE TRUTH IN LENDING ACT (TILA)
### 15 U.S.C. § 1601 *et seq.*

44. Plaintiff and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

45. Under TILA, "no credit card shall be issued except in response to a request or application therefor." 15 U.S.C. § 1642. Further, federal regulations prohibit issuing a credit card except in response to an oral or written request or application for the card. Regulation Z, 12 C.F.R. § 1026.12(a).

46. In violation of TILA and Regulation Z, Defendant issued credit cards in the names of Plaintiff and Class Members without their knowledge or consent, and without a written or oral request or application for the cards.

47. In violation of TILA and Regulation Z, Defendant issued cards in Plaintiff's and Class Members' names that were not renewals or substitutes for accepted credit cards.

48. Plaintiff and the Class seek actual and statutory damages permitted under the law.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT (EFTA)
### 15 U.S.C. § 1693 *et seq.*

49. Plaintiff and the Class Members incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

50. The EFTA, 15 U.S.C. § 1693, protects individual consumer rights relating to the electronic transfer of funds.

51. Under the EFTA, "No person may issue to a consumer any card, code, or other means of access to such consumer's account for the purpose of initiating an electronic fund transfer other than – (1) in response to a request or application therefor; or (2) as a renewal of, or in substitution for, an accepted card, code, or other means of access, whether issued by the initial issuer or a successor." 15 U.S.C. § 1693i(a).

52. By creating means of access to consumer credit card accounts created without permission (or request) from the consumer, and not due to the renewal or substitution of a pre-existing credit card, Bank of America violated the EFTA.

53. Under the EFTA, Bank of America is liable for actual damages in an amount to be determined by the Court, as well as attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349**

54. Plaintiff and the Class Members incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

55. The New York General Business Law § 349 protects consumers from "deceptive acts or practices in the conduct of any business, trade or commerce."

56. Bank of America accessed consumers' credit reports without request or prior authorization.

57. After accessing consumer credit reports without authorization, Bank of America opened credit card accounts in consumers' names without their knowledge or authorization, in violation of New York General Business Law § 349.

58. Under New York General Business Law § 349, Bank of America is liable for injunctive relief along with attorneys' fees and costs.

59. Plaintiff and the Class seek any damages permitted under the statute or as the court may allow.

**FIFTH CLAIM FOR RELIEF**
**VIOLATION OF NEW YORK DECEPTIVE ACTS AND PRACTICES ACT**

60. Plaintiff and the Class Members incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

61. Under the New York Deceptive Acts and Practices Act, no financial institution or other person or corporation doing business in this State shall issue any person a credit card except (1) in response to a request or application therefor; or (2) as a renewal of, or in substitution for, an accepted credit card whether issued by the same or a successor card issuer.

62. In violation of the New York Deceptive Acts and Practices Act, Defendant issued credit cards in the names of Plaintiff and Class Members, without their knowledge or consent, and without a request or application for the cards.

63. In violation of the New York Deceptive Acts and Practices Act, Defendant issued cards in the Plaintiff's and Class Members' names that were not renewals or substitutes for accepted credit cards.

64. Plaintiff and the Class Members seek actual and statutory damages permitted under the law.

## SIXTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT

65. Plaintiff and the Class Members incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

66. Defendant received a benefit from Plaintiff and Class Members in the form, among other things, of new revenue lines for the Bank as a result of the illegally opened accounts.

67. Retention of these benefits by Defendant would be unjust and inequitable because Defendant received these benefits by engaging in a false, deceptive, and misleading scheme as described in this Complaint.

68. The benefits, in whole or in part, that Defendant received were not legitimately earned and came at the expense of Plaintiff and other Class Members.

69. Plaintiff and the Class seek any damages as the Court may allow.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class proposed in this Complaint, respectfully requests that the Court enter judgment in their favor and against Defendant as follows:

A. For an Order certifying this action as a class action and appointing Plaintiff and his Counsel to represent the Class;

B. For an award of actual, statutory, and compensatory damages in an amount to be determined;

C. For an award of costs of suit and attorneys' fees, as allowable by law; and

D. Such other and further relief as this court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of all issues so triable.

Dated: June 18, 2024

**GLANCY PRONGAY & MURRAY LLP**

By: *s//Brian P. Murray*
Brian P Murray (BM 9954)
230 Park Avenue, Suite 358
New York, NY 10169
Tel: (212) 682-5340
Fax: (212) 884-0988
bmurray@glancylaw.com

**MASTANDO & ARTRIP, LLC**
D. Anthony Mastando
301 Holmes Ave NE, Suite 100
Huntsville, Alabama 35801
Tel: (256) 532-2222
Fax: (256) 513-7489
*artrip@mastandoartrip.com*

*Attorneys for Plaintiff and the Proposed Class*